NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARRY D. MALLEK,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1568

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00890-JFM, Senior Judge James F. Merow.

---

Decided: June 14, 2016

---

BARRY D. MALLEK, Las Vegas, NV, pro se.

SARAH CHOI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Barry Mallek appeals from a decision of the Court of Federal Claims dismissing his complaint as time-barred under 28 U.S.C. § 2501. We affirm.

BACKGROUND

Mr. Mallek entered into a settlement agreement with the Department of Homeland Security ("DHS") in 2006. Pursuant to the settlement agreement, DHS purchased an annuity contract for Mr. Mallek, which would provide Mr. Mallek monthly payments guaranteed for 30 years and for the life of Mr. Mallek. The settlement agreement stated that the annuity payments were non-assignable.

On June 6, 2008, a California state judge approved a stipulated Qualified Domestic Relations Order ("QDRO"), which was signed by Mr. Mallek and his former wife. Under the QDRO, Mr. Mallek assigned a portion of his monthly annuity payments to Ms. Mallek. On August 18, 2015, Mr. Mallek filed a complaint in the Court of Federal Claims alleging that DHS breached the settlement agreement by allowing the assignment of a portion of his monthly annuity payment.

The Court of Federal Claims dismissed Mr. Mallek's complaint for lack of jurisdiction, finding that Mr. Mallek's complaint was filed outside of the six-year statute of limitations set forth in 28 U.S.C. § 2501. Specifically, the Court of Federal Claims found that Mr. Mallek was aware of the alleged breach—the assignment of his annuity payments—as of June 6, 2008, the date the court entered the QDRO signed by Mr. Mallek. As such, the Court of Federal Claims found that Mr. Mallek's claim accrued on that date, yet his complaint was filed more than seven years later.

Mr. Mallek appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo a dismissal by the Court of Federal Claims for lack of jurisdiction. *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380 (Fed. Cir. 2012). "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "This six-year limitations period is jurisdictional and may not be waived or tolled." *FloorPro*, 680 F.3d at 1380–81 (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–39 (2008)). A claim against the government generally accrues "when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988).

We agree with the Court of Federal Claims that Mr. Mallek's claim accrued on June 6, 2008. The assignment of Mr. Mallek's annuity to his former wife constituted the alleged breach. Mr. Mallek was aware of this assignment as of June 6, 2008, as evidenced by his signature on the QDRO. Mr. Mallek argues, however, that his claim is not barred by § 2501 because, under the continuing claim doctrine, DHS continues to breach the settlement agreement every month that his annuity payment is diverted to his former wife. We disagree.

"In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates–Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). In *Brown*, we explained that there was not a continuing claim where "plaintiffs really only pointed to one alleged wrong by the government, which accrued all at once at one point in time, even though it may have had later

adverse effects." *Id.* at 1457.  We further explained that even nonpayment of annuities was not a continuing claim, but merely damages, if it resulted from a single alleged violation by the government.  *Id.*  Similarly here, DHS's alleged breach is not continuing in nature, but was fixed when Mr. Mallek's annuity was assigned to his former wife.

We therefore agree with the Court of Federal Claims that Mr. Mallek's August 18, 2015 complaint, filed more than seven years after his claim accrued on June 6, 2008, is time-barred under § 2501.  We have considered Mr. Mallek's remaining arguments and find them unconvincing.  As such, we affirm the dismissal of Mr. Mallek's complaint for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.